### Willie Ingle *v.* The State.

1. **Jurisdiction.** — If an indictment charges a felonious theft, but the proof shows the offense to be but a misdemeanor, the District Court has jurisdiction to proceed to judgment, and should not transfer the case to the County Court.

2. **Same — Case stated.** — A felony conviction was reversed and remanded by this court because of the insufficiency of the evidence; but the District Court construed the judgment of this court as holding the case to be no more than a misdemeanor, and therefore transferred it to the County Court for trial. The county judge having been of counsel in the cause, he transferred it back to the District Court, and it was there tried as a misdemeanor. *Held*, that whatever the error in the proceedings, it was to the advantage of the accused, and is not cause for reversal.

APPEAL from the District Court of Atascosa.   Tried below before the Hon. G. H. NOONAN.

In volume 1 of the Texas Court of Appeals Reports, at page 307, may be found the report of this case on the former appeal.   The opinion then rendered sets out the facts, and also article 359 of the Penal Code, which provides that if stolen property be voluntarily returned within a reasonable time, and before prosecution commenced, the punishment shall be by fine, not exceeding $1,000.

On the last trial the witness Cook testified that the accused did hear Manuel Ingle lay the taking of the cattle upon him and Gamboa, and made no reply to the accusation.   The verdict found the accused guilty, but that the cattle were voluntarily returned within a reasonable time, and before prosecution commenced; and assessed against the accused a fine of $300.

*Portis & Robinson*, and *Bethel Coopwood*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WINKLER, J.   When this case was before this court on a former occasion it was reversed, for the reason that there was but little evidence against the accused, and as much testimony given to show a voluntary return of the property alleged to have been stolen, and before any prosecution was commenced; which seems to have been totally misunderstood by the district judge, to the effect that this court had held that under the proofs the judgment must be reversed, that the case was held to be a misdemeanor, and that the jurisdiction to try it belonged to the County Court.   The case was decided upon the proofs adduced on a former

trial; but the decision had nothing whatever to do with the evidence to be adduced on a second trial.

If an offense sounding in felony should, on the proofs, be but a misdemeanor, this would not oust the District Court of jurisdiction. The action of the court in transferring the case, and the theory upon which the case was finally tried in the District Court, having resulted beneficially to the accused, he ought not to be heard to complain; and whilst we are of opinion that the charge should have been more explicit on the vital point of the case, yet, because the charge was not excepted to at the trial, nor additional instructions asked by the counsel for the accused, the case having been tried as a misdemeanor, we are not authorized to review the charge.

There being no sufficient cause shown by the record for disturbing the conviction, the judgment is affirmed.

*Affirmed.*